Matthew Campbell
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE LONNY R SUKO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JOSEPH JEFFREY BRICE, ) <br> ) <br> Defendant. ) <br> ————————————————) | CR-11-075-LRS <br><br> MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS |

Defendant JOSEPH JEFFREY BRICE moves for a Bill of Particulars in regard to Counts Two and Three of the Indictment. Those Counts fail to provide sufficient notice of the crime charged, thereby informing Mr. Brice if the nature and cause of the accusation against him.

**I.     Facts**[1]

---

[1]     This "Facts" section is included to provide the Court with necessary background. The information contained therein is based on discovery provided by the Government to date. Mr. Brice does not admit that all allegations contained

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS          1

Mr. Brice has previously set forth lengthy factual statements in his Memorandum in Support of his Motion to Dismiss for Outrageous Government Conduct and in the Memorandum in Support of Motion to Suppress Statements for Sixth Amendment Violations. Because this motion is based on more narrow issues, an abbreviated factual statement only will be included in this pleading.

On May 3, 2011, the Grand Jury for the U.S. District Court for the Eastern District of Washington, returned a single count Indictment charging Joseph Jeffrey Brice with Making an Unregistered Firearm (Destructive Device), in violation of 26 U.S.C. § 5861(f). (ECF No. 1).

Mr. Brice was arrested on May 9, 2011. An order of detention was entered on that date. (ECF No. 10).

On June 21, 2011, the Government filed a Superseding Indictment (ECF. No. 31), adding Count Two, Distribution of Information Relating to Explosives, Destructive Devices and Weapons of Mass Destruction pursuant to 18 U.S.C. §§842(p)(2) and 844(a)(2), and Count Three, Attempt to Provide Material Support to Terrorists pursuant to 18 U.S.C. §§2339A(a), (b)(1-3).

---

therein are true, and reserves the right to challenge facts contained therein and supplement with additional facts. Nothing contained herein should be considered a factual admission or a waiver of his right to contest all facts and allegations raised by the Government.

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS            2

Count Two charges:

    That on or about May 8, 2011, in the Eastern District of Washington, the Defendant, JOSEPH JEFFEREY BRICE, did knowing distribute to another person information relating to, in whole or in part, the manufacture or use of an explosive, a destructive device, or a weapon of mass destruction, specifically an Acetone Peroxide Ammounium Nitrate ("APAN") explosive, with the knowledge that the teaching, demonstration, and information would be used for, or in furtherance of, an activity that constitutes a Federal crime of violence, including 18 U.S.C. §2332a (use of weapon of mass destruction), in violation of 18 U.S.C. §§842(p)(2)(A) and 844(a)(2).

Count Three charges:

    That on or about December 21, 2010, and continuing through on or about May 8, 2011, in the Eastern District of Washington, the Defendant, JOSEPH JEFFREY BRICE, did attempt to provide material support or resources, in the form of "training," defined as "instruction or teaching designed to impart a specific skill," and "expert advice or assistance," defined as "advice or assistance derived from scientific, technical or other specialized knowledge," knowing and intending that such "training" and "expert advice and assistance" were to be used in the preparation for, or in carrying out the specified Federal offenses, to wit: the use, threatened use, or attempted use of a weapon of mass destruction against any person or property which would have affected interstate commerce, in violation of 18 U.S.C. § 2332a(a)(2) (use of weapons of mass destruction); all in violation of 18 U.S.C. § 2339A(a).

(ECF No. 31 at 3).

## II.
## A Motion for Bill of Particulars is Necessary

### A.
### Counts Two and Three of the Indictment Provide Insufficient Notice

A criminal defendant is constitutionally entitled to receive sufficient notice of all criminal charges levied against him. The Notice Clause of the Sixth Amendment

affords a criminal defendant the right "to be informed of the nature and cause of the accusation" lodged against him. *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (citing U.S. CONST. amend VI).  The Indictment Clause of the Fifth Amendment requires that a criminal defendant only be charged with only those offenses brought before the grand jury. *Id.* (*citing* U.S. Const. Amend. V).

An indictment satisfies these constitutional requirements only if the indictment "'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Id.* (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)) (additional citations omitted). In order for an indictment to be legally sufficient, "'the indictment **must assert facts which in law constitute an offense**; and which, if proved, would establish prima facie the defendant's commission of that crime.'" *Id.* (*quoting United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir.1992)) (emphasis added).  Thus, while "[a]n indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense," the Supreme Court has cautioned that the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *United States v.*

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS              4

1  *Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (*quoting Hamling*, 418 U.S. at 117-
2  18 ) (additional citations and quotations omitted).

3      The constitutional concerns regarding notice are mirrored in the Federal Rules
4  of Criminal Procedure. Rule 7(c)(1) requires that:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

In the instant case, Count Three is constitutionally and statutorily insufficient because it does not set forth facts which in law establish an offense.

    The terms used in Counts Two and Three are not such that it is apparent how the Government claims a crime was completed.  The discovery provided to date includes voluminous amounts of email and internet activity.  These counts fail to explain what portion of this activity constitutes an offense.  Rather, Mr. Brice is left to guess which sets of facts might constitute the charges offenses.

    Moreover, it is unclear whether the Government believes a single email or web post constitutes a charged offense, or whether it is the entire body of communication.  This uncertainty and ambiguity might complicate any defense of once in jeopardy should the Government seek to bring s second set of charges at a later time.

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS        5

1    The timeframe of Count Three spans almost six months– December 21, 2010 to May 8, 2011.[2]  The charge does not clarify when during this six month period the offense allegedly occurred.  The Government has produced thousands upon thousands of pages of documents, many of which document email and internet activity.  The charge does not clarify whether it considers the breadth of the activity to constitute a single attempt, whether each act would constitute a separate attempt, or whether there was a single attempt made at some unspecified point during that timeframe.[3]

The language used in Counts Two and Three are almost entirely based on the statutes.  They provides no additional indication what facts support the offenses.  The terms used provide no insight into whether the Government contends that there

---

[2] Mr. Brice has filed a separate motion to dismiss Count Three for similar reasons.  Mr. Brice believes that dismissal is the appropriate remedy for that Count.  Should the Court determine that dismissal is not required, however, Mr. Brice alternatively requests that the motion for bill of particulars be granted in regard to Count Three, as well as Count Two.

[3] Count Two, on the other hand, provides a specific date, May 8, 2011, as the date of the alleged offense. (ECF No. 31 at 2).  Nevertheless, without some definitive statement as to how that offense was completed, similar difficulties are posed in Count Two as in Count Three.

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS              6

were specific emails or web posts which constitute the offense, or whether the entire body of communication constitutes a single offense.

It is not clear with any degree of precision what Mr. Brice must defend himself against.  Is the Government contending that any communication discussing explosives constitutes the charged crimes?  Such a contention would likely pose serious First Amendment concerns.  The Supreme Court, while upholding several of these terms to an "as-applied" constitutional challenge, has recognized that the terms could be problematic in other cases:

> Of course, the scope of the material-support statute may not be clear in every application.

*Holder v. Humanitarian Law Project*, 130 S.Ct. 2705, 2720 (2010).  There, the Supreme Court explained that "the statute is carefully drawn to cover only a narrow category of speech to, under the direction of, or in coordination with foreign groups that the speaker knows to be terrorist organizations." *Id.* at 2723.  The Supreme Court therefore has taken the view that the charged offense does not apply to any and all speech on a particular topic.

The key point is that the language of the statute, as quoted by the Government in the indictment, provides insufficient indication as to what conduct the Government is alleging meets the elements of the charged offense.  Absent such notice, Mr. Brice's ability to prepare a defense is impacted.

The charge's indefinite nature also impacts his ability to plead an acquittal or conviction as a bar to a subsequent prosecution. *See, e.g., Hamling v. United States*, 418 U.S. 87, 117 (1974). Because it is unclear what is being charged, it is questionable whether those charges would allow for a plea of once in jeopardy. Based on the volume of the discovery provided, it is possible that the Government might seek a conviction in this case based on one communication or another, and then bring subsequent charges based on other communications.

## B.
### A Bill of Particulars is Appropriate to Prevent Unfair Surprise and Allow an Adequate Opportunity for the Preparation of a Defense

"The purposes of a bill of particulars are to minimize danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). A bill of particulars is required where a defendant needs clarification in order to prepare a defense. *Will v. United States*, 389 U.S. 90, 99 (1967). A bill of particulars way also be necessary to protect against double jeopardy. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978), cert, denied sub nom., *Clayton v. United States*, 441 U.S. 962, rehr. denied, 442 U.S. 948 (1979).

"In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS        8

charges through the indictment and all other disclosures made by the government." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983).  A bill of particulars is the appropriate recourse for a defendant who truly cannot figure out what the Government is claiming he did.  *See* Fed.R.Crim.P. 7(f);  *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983) ("A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense.... It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy ....") (citations omitted).

For all these reasons, a bill of particulars is required.  The sheer volume of discovery has actually provided less clarity as to what the indictment charges.  It is largely impossible to sort out the email and web activity in order to select those portions which the Government might contend are criminal. Moreover, the breadth of discovery clearly includes communications which would be protected by the First Amendment.  Mr. Brice truly cannot figure out what the Government is claiming he did. .  *See* Fed.R.Crim.P. 7(f);  *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983).

**II.**
**Conclusion**

An indictment satisfies constitutional requirements only if it contains the elements of the offense charged and fairly informs a defendant of the charge against

which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Counts Two and Three fail to provide adequate notice of the offenses charged. A bill of particulars is required.

Dated:  December 20, 2011

                                  Respectfully Submitted,

                                  s/ Matthew Campbell
WA 38696
Attorneys for BRICE
Federal Defenders of
Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
Telephone: (509) 624-7606
Fax: (509) 747-3539
Email: Matt_Campbell@fd.org

MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS      10

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Russell E. Smoot, Assistant United States Attorney.

s/ Matthew Campbell
WA 38696
Attorneys for BRICE
Federal Defenders of
Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
Telephone: (509) 624-7606
Fax: (509) 747-3539
Email: Matt_Campbell@fd.org