Michael C. Ormsby
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH JEFFEREY BRICE, ) <br> ) <br> Defendant. ) <br> ) | 11-CR-00075-LRS <br><br> United States' Response to Defendant's Renewed Motion for Bill of Particulars |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the United States' Response to Defendant's Renewed Motion for Bill of Particulars.

RESPONSE

On December 20, 2011, the Defendant filed a Motion for Bill of Particulars. *See* ECF Doc. 164[1]. On January 6, 2012, the United States responded. *See* ECF

---

[1] The pleading was not publically filed until January 23, 2012, under Docket Entry No. 164.

United States' Response to Renewed Motion for Bill of Particulars - 1
P20313rs.RSA.resp.renewed.bill.particulars.wpd

Doc. 123. The Defendant replied. *See* ECF Doc. 166.[2] This court denied the Defendant's Motion for a Bill of Particulars with leave to renew. *See* ECF Doc. 173.

On March 1. 2012, the Defendant filed a Renewed Motion for a Bill of Particulars. *See* ECF Doc. 190. The United States hereby responds.

**I.    United States' Response to Defendant's Initial Bill of Particulars:**

Rather than incorporate the United States' initial response by reference, the United States sets forth a full recitation of its initial response as follows:

  I.    <u>Legal Authority Re: Bill of Particulars</u>:

The Federal Rules of Criminal Procedure states that a court may direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). A bill of particulars has three purposes: "to apprise the defendant of the specific charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy." <u>United States v. Burt</u>, 765 F.2d 1364, 1367 (9th Cir. 1985) (citing <u>United States v. Long</u>, 706 F.2d 1044, 1054 (9th Cir. 1983)).

A defendant is not entitled to a bill of particulars as a matter of right. <u>Wong Tai v. United States</u>, 273 U.S. 77, 82 (1927). The purpose of a bill of particulars is served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense. <u>United States v. Mitchell</u>, 744 F.2d 701, 705 (9th Cir. 1984) (citing <u>United States v. Griese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979), <u>cert. denied</u>, 444 U.S. 979 (1979)). A

---

[2] *See* Footnote 1, *supra.*

defendant "is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986), cert. denied, 481 U.S. 1057 (1987).

II.  Superseding Indictment and Comprehensive Discovery Has Been Provided:

In this case, the Superseding Indictment provides a "plain, concise, and definite written statement of the essential facts constituting the offense[s] charged." See Fed. R. Crim. P. 7(c). Furthermore, the United States provided significant discovery, including search warrant affidavits, law enforcement reports, and transcripts of grand jury testimony. Therefore, the United States submits that the purpose served by a bill of particulars has been served and respectfully requests this Court to deny the Defendant's motion. See ECF Doc. 123.

**II.  Additional Information:**

In addition to the above-referenced "discovery, including search warrant affidavits, law enforcement reports, and transcripts of grand jury testimony," the United States filed a First Trial Memorandum Re: Evidence Admissible Pursuant to Federal Rules of Evidence 401, 402, 404(b), 801(d)(1)(A) and Applicable Case Law, see ECF Doc. 182 (filed Feb. 17, 2012), and a Second Trial Memorandum Re: Summary of Factual Basis for Charges. See ECF Doc. 185 (filed Feb. 29, 2012). In terms of the Second Trial Memorandum, the United States set forth a specific articulation of facts related to Count One, Count Two, and Count Three.

1  While the Second Trial Memorandum disclaims that "the United States reserves
2  the right to supplement and/or amend this Second Trial Memorandum through
3  subsequent pleadings and oral argument[,]" it does include approximately 12
4  pages of text referencing the Defendant's conduct from December 2010 through
5  his arrest on May 9, 2011, *see* ECF Doc. 185, pgs, 26-38, which is the time-period
6  alleged in Count Three.
7       Given that the Defendant "is not entitled to know all the evidence the
8  government intends to produce but only the theory of the government's case[,]"
9  United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986), cert. denied, 481 U.S.
10  1057 (1987), (cited in ECF Doc. 123 and included *supra*), the United States
11  respectfully submits that it *has* provided a *defacto* bill of particulars through its
12  early disclosure of a non-required trial memoranda.  In short, the United States has
13  gone beyond the mere threshold of required discovery in advising the Defendant
14  relevant to the theory of its case prior to trial.  As such, the practical effect of
15  requiring the United States to provide a "bill of particulars" would simply be to
16  file the same Second Trial Memorandum under a different caption and docket
17  number.
18  **III.   Conclusion:**
19       To restate, the United States provided significant discovery, including
20  search warrant affidavits, law enforcement reports, and transcripts of grand jury
21  testimony.  Additionally, the United States has filed trial memorandums relevant
22  to evidence and facts.  *See* ECF Docs. 182, 185.  Therefore, the United States
23  //
24  //
25
26
27  United States' Response to Renewed Motion for Bill of Particulars - 4
P20313rs.RSA.resp.renewed.bill.particulars.wpd

1  respectfully submits that the purpose of a bill of particulars has been served and

2  respectfully requests this Court to deny the Defendant's motion

3      DATED March 13, 2012.

4                                         Michael C. Ormsby
United States Attorney

6                                         ***s/Russell E. Smoot***

7                                         Russell E. Smoot
Assistant United States Attorney

United States' Response to Renewed Motion for Bill of Particulars - 5
P20313rs.RSA.resp.renewed.bill.particulars.wpd

I hereby certify that on March 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

>Matthew Campbell
>Federal Defenders
>10 North Post Street, Suite 700
>Spokane, WA 99201

>*s/Russell E. Smoot*

>Russell E. Smoot
>Assistant United States Attorney

United States' Response to Renewed Motion for Bill of Particulars - 6
P20313rs.RSA.resp.renewed.bill.particulars.wpd