No.   12-30191

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

JOSEPH JEFFEREY BRICE,

Defendant-Appellant.

On Appeal From the United States District Court
for the Eastern District of Washington
District Court No. CR-11-075-LRS

The Honorable Judge Lonny R. Suko
United States District Court Judge

EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 & FRAP 8(a);
MEMORANDUM OF POINTS AND AUTHORITIES

Matthew Campbell
Federal Defenders of
Eastern Washington & Idaho
10 N. Post Street, Ste 700
Spokane, Washington 99201
(509) 624-7606
Matt_Campbell@fd.org

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH JEFFEREY BRICE,

    Defendant-Appellant.

U.S.C.A. No. 12-30191

U.S.D.C. No. CR-11-075-LRS

**CIRCUIT RULE 27-3 CERTIFICATE OF COUNSEL**

1.     <u>**Telephone Numbers and Office Addresses of Counsel**</u>

    **Counsel for Plaintiff-Appellee, United States of America**

    Russell Smoot
    Assistant United States Attorney
    920 W Riverside Ave
    Suite 340
    Spokane, WA 99201
    Telephone: (509) 353-2767

    **Counsel for Defendant-Appellant, Joseph Jefferey Brice**

    Matthew Campbell
    Assistant Federal Defender
    10 North Post Street
    Suite 700
    Spokane, WA 99201
    (509) 624-7606

1

4

2.      **Facts Showing the Existence and Nature of the Emergency**[1]

On May 3, 2011, the Grand Jury for the U.S. District Court for the Eastern District of Washington, returned a single count Indictment charging Joseph Jeffrey Brice with Making an Unregistered Firearm (Destructive Device), in violation of 26 U.S.C. § 5861(f). Mr. Brice was arrested on May 9, 2011. On June 21, 2011, the Government filed a Superseding Indictment adding Count 2, Distribution of Information Relating to Explosives, Destructive Devices and Weapons of Mass Destruction pursuant to 18 U.S.C. §§842(p)(2) and 844(a)(2), and Count 3, Attempt to Provide Material Support to Terrorists pursuant to 18 U.S.C. §§2339A(a), (b)(1-3). But for a brief furlough in order to have necessary surgery, Mr. Brice has remained in custody since his arrest.

On May 18, 2012, Mr. Brice's jail cell in the Spokane County Jail was searched. That search was performed without a search warrant or any form of court authorization. No special master, or similar neutral party, was used to perform the search. No consent was given by Mr. Brice authorizing the search.

---

[1]     Because of the emergent nature of this situation, the facts presented are based upon discussions with counsel for the Government, facts presented during telephonic conferences with the District Court on this matter, and discussions with Mr. Brice. Undersigned counsel has requested reports from the Government of law enforcement agents involved in the search and review of the documents. To date, no reports have been produced. The Government has stated that it has requested reports. (Exh. B at 2:20-23).

The search was performed by deputies with the United States Marshals Service and agents with the Federal Bureau of Investigation. The deputies and agents concentrated their efforts on searching written materials contained in Mr. Brice's cell. Those written materials included legal materials relating to Mr. Brice's case. Those legal materials included attorney-client and work-product privileged materials.

Government's counsel, the United States Attorney's Office, had been contacted prior to the search of Mr. Brice's cell. Government counsel was also contacted after the search had been performed.

The initial search of the materials was performed by one or more deputy United States Marshals. The stated purpose of that search was to separate privileged materials from non-privileged materials. Once those materials were separated, one or more FBI agents then reviewed the materials that the deputy/ies claimed were not privileged.

Mr. Brice was moved from his cell at the time the search was performed. He was moved to a different floor of the jail. He immediately asked to call his attorney, undersigned counsel. He was not allowed to do so. The cell he was moved to is located in the most restrictive portion of the jail. Mr. Brice was not able to place any phone calls until Tuesday, May 22nd, four days after the search of

3

his cell.

Upon learning of the search, undersigned counsel contacted the United

States Marshals via email to find out what was going on.  Undersigned counsel

received the following response:

> I would defer any questions of what was seized or found to the us
> attorney smoot or fbi sa mcewen. I can confirm that a cell search was
> conducted with the usms role as liaison and determining which materials
> were privileged legal or personal upon cursory inspection. The factors of
> found material and activity lead classification to 6E.

Undersigned counsel contacted counsel for the Government, AUSA

Russell Smoot, and asked why Mr. Brice's cell was searched.  Initially, Mr. Smoot

stated he would have to refer me back to the United States Marshals.  Undersigned

counsel told Mr. Smoot that counsel had already contacted the Marshals and that

the Marshals had referred the matter back to Mr. Smoot.  Mr. Smoot stated that he

could not provide the answers that I sought at this time.  Mr. Smoot stated that he

wanted to be able to provide complete information, and thus needed to defer

discussing the matter for at least one additional day.

The materials determined by the Deputy Marshal to be non-privileged

were delivered to the FBI.  Two FBI agents, including the case agent, SA Leland

McEuen, reviewed these materials.  The materials were delivered to the

Government's counsel, AUSA Russell Smoot.

4

7

Mr. Smoot had reviewed three of the documents provided to him by FBI agents by the time undersigned counsel filed a motion with the District Court for an emergency hearing on this matter several hours later. (Exh. A; C.R. 265). Mr. Smoot advised SA McEuen to obtain reports from the FBI agent and Deputy Marshal who performed the search of the cell. Mr. Smoot requested that SA McEuen seal the three documents reviewed by Mr. Smoot in one envelope, and the remaining documents not yet reviewed by Mr. Smoot in a second envelope. The Government filed a response to Mr. Brice's motion for a hearing requesting that the materials in both envelopes be reviewed by the District Court *in camera*, and if found to be not privileged, returned to the Government. (Exh. B; C.R. 269).

The District Court held a telephonic hearing on this matter the afternoon of May 22, 2012. The District Court ruled that it would review the materials *in camera* to determine if any materials were privileged. (Exh. C; C.R. 270). A second hearing was to be held the following day in order to determine how to proceed after that review was completed.

The District Court conducted a hearing on May 23, 2012 after reviewing the materials. The District Court concluded that the materials it had reviewed were not privileged. Undersigned counsel requested:

    1. The envelopes and material contained therein be maintained in their

current condition for further potential review;

2. That the materials be provided to the defense for review, since there was no privilege preventing undersigned counsel from reviewing his client's documents;

3. That the District Court stay any order returning the materials to the Government in order to allow counsel to seek review in this Court; and

4. That counsel for the Government be directed not to discuss the contents of the materials reviewed by SA McEuen until this issue was resolved.

After discussion with the parties, the District Court determined that the materials would be preserved for review, and that it would conduct an additional hearing on Friday, May 25, 2012, regarding how the parties wished to proceed with returning the materials to the Government, and to allow undersigned counsel to determine whether to seek additional review. The District Court denied counsel's request that a copy be furnished to the defense for review. The District Court determined that it would wait until the May 25th hearing before returning materials to the Government, but would not direct the Government not to discuss the contents of the materials reviewed by SA McEuen. (Exh. D; C.R. 272).

6

9

**Additional Facts**

The United States Marshals Office has played a role in investigating the case against Mr. Brice. One deputy marshal in the Spokane office, Hank Shafer, is a canine officer who has an explosive-sniffing dog (Lori). Deputy Shafer and Lori were involved in the execution of at least two search warrants in this matter. Discovery provided by the Government contains numerous reports referring to the searches performed by Deputy Shafer and Lori.

A second deputy marshal, Jerome Brown, was also involved in executing search warrants. He performed the search of a vehicle and collected evidence from that vehicle. Deputy Brown was also involved in the search of a residence in this case.

It is not presently known by undersigned counsel which deputy marshal(s) participated in the search of Mr. Brice's cell. Undersigned counsel has requested reports regarding the search of the cell and the review of the materials, but none have been provided. Government counsel has stated that he has requested that such reports be provided. (Exh. B at 2).

SA Leland McEuen is the case agent in this case. He has been involved in this case from its early stages. He authored search warrants dating back to February, 2011, which pre-dated both the initial indictment and Mr. Brice's arrest

in this matter. SA McEuen is one of two FBI agents who interrogated Mr. Brice upon his arrest. SA McEuen has been present at most, if not all, court proceedings in this case. He has already reviewed the materials seized from Mr. Brice's jail cell.

A second FBI agent, SA Mark Fitterer, has apparently also reviewed the documents reviewed by SA McEuen. SA Fitterer has been involved in the investigation of Mr. Brice, dating back to before Mr. Brice was indicted and arrested.

A third FBI agent, Intelligence Analyst John Pulcastro, was involved in the search of Mr. Brice's cell and performed, along with an unnamed Deputy Marshal, screening of the written materials in order to determine what was privileged and what was not. IA Pulcastro was an involved in the Brice investigation as well, and played a role in the execution of search warrants and in the review of reports.

Assistant United States Attorney Russell Smoot is Government counsel in this matter. He has been involved in this matter months prior to the indictment and arrest of Mr. Brice, based upon applications for Pen Register and Trap and Trace Devices

8

11

3.        **When and how counsel for the Government was notified and
          whether they have been served with this motion**

Undersigned counsel announced his intention to seek review of the

District Court's determination that the materials were not privileged during the

May 23, 2012 telephonic hearing.  Mr. Brice filed his Notice of Appeal in the

District Court at 8:12 AM, May 24, 2012, which was electronically transmitted to

Government counsel.  Counsel for the Government will similarly receive this

motion via electronic filing procedures.


4.        **Relief Requested**

Mr. Brice requests that this Court enter an order:

1. staying the return to the Government of the materials seized from Mr.

   Brice's cell;

2. directing the District Court to provide undersigned counsel with a

   copy of the documents seized from his cell;

3. directing the District Court to allow undersigned counsel to submit a

   brief, *ex parte* under seal, arguing why the materials are privileged;

4. alternatively, directing that the materials be transmitted to this Court

   so that this Court can review the determination of the District Court

   that the materials are not privileged; and

5. should this Court believe that additional fact-finding is necessary prior to resolution of these matters, directing the District Court to conduct an evidentiary hearing, consistent with this Court's disposition of this matter.

At this point, it is not entirely clear what even the participants claim happened, since the Government has not yet provided any reports from the deputy marshals and FBI agents involved in the search of Mr. Brice's materials, which unquestionably contained attorney-client and work-product materials. This much is clear however:

A. **The United States Marshals office is part of the prosecution team.** Deputies participated in more than one search in this case. At least one deputy has authored a report provided to undersigned counsel in discovery.

B. **The United States Marshals office has reviewed attorney-client and work-product privileged materials.** Mr. Brice had a volume of written materials in his jail cell. Included in those materials were materials privileged under the attorney-client and work-product privilege. At least one deputy marshal has reviewed these attorney-client privileged materials. (Exh. B at 2).

10

13

C. **Materials were removed from Mr. Brice's jail cell which may include privileged materials.** The screening of the materials was performed by a deputy marshal. That deputy is not privy to defense theories of the case. Neither are the two FBI agents who subsequently reviewed the materials. The District Court is similarly unaware of what the defense theory of the case is, what strategies and tactics the defense may be pursuing or the nature of communications between undersigned counsel and Mr. Brice. The individuals best suited to advocate whether the seized materials are attorney-client privileged are undesigned counsel and Mr. Brice.

D. **There is no privilege preventing disclosure of the seized materials to undersigned counsel.** The materials were in Mr. Brice's possession. There has been no claim that they were wrongly obtained by Mr. Brice. The documents seized are not a secret to him, as they are his documents. The Government has no particular privilege in regard to Mr. Brice's documents executable against Mr. Brice. Absent a privilege, they should be disclosed to undersigned counsel so that the issue of privilege can be effectively advocated.

E. **Once the materials are delivered to the Government, the bell**

11

**cannot be unrung**.  If the seized documents are turned over to the

Government without further review, privileged materials may well be

disclosed to the Government.  Once the Government learn of

attorney-client and work-product privileged materials, there is no way

to "unlearn" that information.  This case is in a pretrial posture, with a

trial date set in October.  Disclosing privileged materials to the

Government threatens Mr. Brice's protections under the Sixth

Amendment as well as his right to Due Process.


Dated:    May 24, 2012                  Respectfully Submitted,


                                        s/Matthew Campbell
                                        Federal Defenders of Eastern
                                        Washington and Idaho
                                        10 N. Post, Suite 700
                                        Spokane, Washington 99201
                                        (509) 624-7606
                                        Matt_Campbell@fd.org
                                        Attorneys for Appellant

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | U.S.C.A. No. 12-30191 |
| Plaintiff-Appellee, | |
| v. | U.S.D.C. No. CR-11-075-LRS |
| JOSEPH JEFFEREY BRICE, | |
| Defendant-Appellant. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Facts[2]**

On May 3, 2011, the Grand Jury for the U.S. District Court for the Eastern District of Washington, returned a single count Indictment charging Joseph Jeffrey Brice with Making an Unregistered Firearm (Destructive Device), in violation of 26 U.S.C. § 5861(f). Mr. Brice was arrested on May 9, 2011. On June 21, 2011, the Government filed a Superseding Indictment adding Count 2,

---

[2]      Because of the emergent nature of this situation, the facts presented are based upon discussions with counsel for the Government, facts presented during telephonic conferences with the District Court on this matter, and discussions with Mr. Brice. Undersigned counsel has requested reports from the Government of law enforcement agents involved in the search and review of the documents. To date, no reports have been produced. The Government has stated that it has requested reports. (Exh. B at 2:20-23).

Distribution of Information Relating to Explosives, Destructive Devices and Weapons of Mass Destruction pursuant to 18 U.S.C. §§842(p)(2) and 844(a)(2), and Count 3, Attempt to Provide Material Support to Terrorists pursuant to 18 U.S.C. §§2339A(a), (b)(1-3). But for a brief furlough in order to have necessary surgery, Mr. Brice has remained in custody since his arrest.

On May 18, 2012, Mr. Brice's jail cell in the Spokane County Jail was searched. That search was performed without a search warrant or any form of court authorization. No special master, or similar neutral party, was used to perform the search. No consent was given by Mr. Brice authorizing the search. The search was performed by deputies with the United States Marshals Service and agents with the Federal Bureau of Investigation. The deputies and agents concentrated their efforts on searching written materials contained in Mr. Brice's cell. Those written materials included legal materials relating to Mr. Brice's case. Those legal materials included attorney-client and work-product privileged materials.

Government's counsel, the United States Attorney's Office, had been contacted prior to the search of Mr. Brice's cell. Government counsel was also contacted after the search had been performed.

The initial search of the materials was performed by one or more deputy

14

United States Marshals. The stated purpose of that search was to separate privileged materials from non-privileged materials. Once those materials were separated, one or more FBI agents then reviewed the materials that the deputy/ies claimed were not privileged.

Mr. Brice was moved from his cell at the time the search was performed. He was moved to a different floor of the jail. He immediately asked to call his attorney, undersigned counsel. He was not allowed to do so. The cell he was moved to is located in the most restrictive portion of the jail. Mr. Brice was not able to place any phone calls until Tuesday, May 22nd, four days after the search of his cell.

Upon learning of the search, undersigned counsel contacted the United States Marshals via email to find out what was going on. Undersigned counsel received the following response:

> I would defer any questions of what was seized or found to the us attorney smoot or fbi sa mcewen. I can confirm that a cell search was conducted with the usms role as liaison and determining which materials were privileged legal or personal upon cursory inspection. The factors of found material and activity lead classification to 6E.

Undersigned counsel contacted counsel for the Government, AUSA Russell Smoot, and asked why Mr. Brice's cell was searched. Initially, Mr. Smoot stated he would have to refer me back to the United States Marshals. Undersigned

counsel told Mr. Smoot that counsel had already contacted the Marshals and that the Marshals had referred the matter back to Mr. Smoot. Mr. Smoot stated that he could not provide the answers that I sought at this time. Mr. Smoot stated that he wanted to be able to provide complete information, and thus needed to defer discussing the matter for at least one additional day.

The materials determined by the Deputy Marshal to be non-privileged were delivered to the FBI. Two FBI agents, including the case agent, SA Leland McEuen, reviewed these materials. The materials were delivered to the Government's counsel, AUSA Russell Smoot.

Mr. Smoot had reviewed three of the documents provided to him by FBI agents by the time undersigned counsel filed a motion with the District Court for an emergency hearing on this matter several hours later. (Exh. A; C.R. 265). Mr. Smoot advised SA McEuen to obtain reports from the FBI agent and Deputy Marshal who performed the search of the cell. Mr. Smoot requested that SA McEuen seal the three documents reviewed by Mr. Smoot in one envelope, and the remaining documents not yet reviewed by Mr. Smoot in a second envelope. The Government filed a response to Mr. Brice's motion for a hearing requesting that the materials in both envelopes be reviewed by the District Court *in camera*, and if found to be not privileged, returned to the Government. (Exh. B; C.R. 269).

The District Court held a telephonic hearing on this matter the afternoon of May 22, 2012. The District Court ruled that it would review the materials *in camera* to determine if any materials were privileged. (Exh. C; C.R. 270). A second hearing was to be held the following day in order to determine how to proceed after that review was completed.

The District Court conducted a hearing on May 23, 2012 after reviewing the materials. The District Court concluded that the materials it had reviewed were not privileged. Undersigned counsel requested:

1. The envelopes and material contained therein be maintained in their current condition for further potential review;

2. That the materials be provided to the defense for review, since there was no privilege preventing undersigned counsel from reviewing his client's documents;

3. That the District Court stay any order returning the materials to the Government in order to allow counsel to seek review in this Court; and

4. That counsel for the Government be directed not to discuss the contents of the materials reviewed by SA McEuen until this issue was resolved.

17

20

After discussion with the parties, the District Court determined that the materials would be preserved for review, and that it would conduct an additional hearing on Friday, May 25, 2012, regarding how the parties wished to proceed with returning the materials to the Government, and to allow undersigned counsel to determine whether to seek additional review. The District Court denied counsel's request that a copy be furnished to the defense for review. The District Court determined that it would wait until the May 25th hearing before returning materials to the Government, but would not direct the Government not to discuss the contents of the materials reviewed by SA McEuen. (Exh. D; C.R. 272).

The United States Marshals Office has played a role in investigating the case against Mr. Brice. One deputy marshal in the Spokane office, Hank Shafer, is a canine officer who has an explosive-sniffing dog (Lori). Deputy Shafer and Lori were involved in the execution of at least two search warrants in this matter. Discovery provided by the Government contains numerous reports referring to the searches performed by Deputy Shafer and Lori.

A second deputy marshal, Jerome Brown, was also involved in executing search warrants. He performed the search of a vehicle and collected evidence from that vehicle. Deputy Brown was also involved in the search of a residence in this case.

18

21

It is not presently known by undersigned counsel which deputy marshal(s) participated in the search of Mr. Brice's cell. Undersigned counsel has requested reports regarding the search of the cell and the review of the materials, but none have been provided. Government counsel has stated that he has requested that such reports be provided. (Exh. B at 2).

SA Leland McEuen is the case agent in this case. He has been involved in this case from its early stages. He authored search warrants dating back to February, 2011, which pre-dated both the initial indictment and Mr. Brice's arrest in this matter. SA McEuen is one of two FBI agents who interrogated Mr. Brice upon his arrest. SA McEuen has been present at most, if not all, court proceedings in this case. He has already reviewed the materials seized from Mr. Brice's jail cell.

A second FBI agent, SA Mark Fitterer, has apparently also reviewed the documents reviewed by SA McEuen. SA Fitterer has been involved in the investigation of Mr. Brice, dating back to before Mr. Brice was indicted and arrested.

A third FBI agent, Intelligence Analyst John Pulcastro, was involved in the search of Mr. Brice's cell and performed, along with an unnamed Deputy Marshal, screening of the written materials in order to determine what was

privileged and what was not. IA Pulcastro was an involved in the Brice

investigation as well, and played a role in the execution of search warrants and in

the review of reports.

Assistant United States Attorney Russell Smoot is Government counsel

in this matter. He has been involved in this matter months prior to the indictment

and arrest of Mr. Brice, based upon applications for Pen Register and Trap and

Trace Devices


## II.    The Court Should Grant a Stay Pending Appellate Review

The Court should issue a stay pending appeal of the district court's May

23rd order. Such a stay is necessary in the interests of preserving the status quo and

preventing irreparable harm to Mr. Brice. The defense interests at stake include

the ability to maintain the attorney-client relationship and attorney-client privilege,

the privilege against self-incrimination, and the right to maintain the

confidentiality of defense work-product. These interests would be irreparably

harmed if privileged materials are disclosed to the Government. Furthermore, the

failure to enter the requested stay will result in the disclosure of confidential

material to which the government has no right. These are bells that cannot be

unrung. Preservation of the status quo, moreover, would be advanced by a stay.

### A.   The May 23, 2012 Order Is Subject to Interlocutory Appeal

A collateral order can be reviewed prior to entry of final judgment resolving the underlying litigation. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47, 109 S. Ct. 1221 (1949).  An order is considered an appealable collateral order when it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.  *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1026 (9th Cir. 2009) (*citing Sell v. United States*, 539 U.S. 166, 123 S. Ct. 2174, 2183 (2003), and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)) (quotation marks and alterations omitted).  The District Court's May 23rd order satisfies all three prongs of the *Cohen* test.

First, the Order "conclusively determines the disputed question[s]" because, absent relief from this Court, the privileged materials will be disclosed, which is the very result he challenges.  *See Godinez-Ortiz*, 563 F.3d at 1027-28.  This would be "the very result he is attempting to prevent with this appeal." *Id.* at 1027.

Second, the Order "resolves an important issue completely separate from the merits of the action" because whether or not Mr. Brice's privileged materials can be searched and seized "has no bearing on whether" he is guilty of the three

21

counts in the indictment. Id. (holding that "whether or not [a defendant] can be committed to FMC-Butner for a dangerousness evaluation" is completely separate from the merits of the underlying criminal action).

Finally, the order is effectively unreviewable on appeal from the final judgment. Like the defendant in *Godinez-Ortiz*, once the act of the Government reviewing privileged legal materials is performed, "it cannot be unperformed." *Id.* at 1027-28 (*citing United States v. Friedman*, 366 F.3d 975, 979 (9th Cir. 2004)); *see also United States v. Weissberger*, 951 F.2d 392, 396 (D.C. Cir. 1992) (holding that a commitment order under §§ 4241 and 4247 "would be complete and effectively unreviewable by the time of final judgment").

## B.    The Appeal is Likely to Succeed on the Merits

Mr. Brice's appeal is likely to succeed on the merits for several reasons. First, the initial review of all materials, including legally privileged materials, was conducted by a deputy in the United States Marshal's office. As detailed above, deputies from that office have been involved in the investigation of this case. The Marshal's Office, along with the FBI, are part of the prosecution team. The question ultimately presented, therefore, is not whether a violation of privilege has occurred, but how severe that violation was and what is the proper remedy.

22

Second, there is no privilege preventing disclosure of the materials to Mr. Brice and his counsel. The Government has not identified such a privilege before the District Court. None exists. Therefore, Mr. Brice's request that his materials be disclosed to himself through his attorney is appropriate and should be granted.

Third, Mr. Brice is entitled to adequate time and opportunity to prepare a responsive pleading arguing that the materials are privileged. The right to file a motion and argue in support of that motion is a fundamental part of due process. *See, e.g., Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (due process requires opportunity to be heard "at a meaningful time and in a meaningful manner" on issues which could deprive him of a liberty interest under the Fifth and Fourteenth Amendments). The Supreme Court has stressed that persons in jeopardy of incarceration have a due process right to the opportunity to defend themselves. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (holding that "[t]he essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it"). Here, Mr. Brice has been effectively denied the opportunity to advocate that the materials are privileged by being prevented from reviewing them to assert with specificity how they are privileged.

23

### C.    Balancing Weighs in Favor of Granting the Stay

The balance of hardships tips sharply in favor of issuance of the stay pending appeal.  A stay would advance the interest of preserving the status quo and poses no risk of harm to the government. If the District Court's order is ultimately upheld, its provisions can simply be implemented at that time. Moreover, issuance of the stay is in the public interest because it permits deliberative appellate review and orderly administration of justice. Without a stay, Mr.Brice's would likely become moot. Thus, the stay is also necessary to preserve the Court's interest in maintaining jurisdiction where proper.

III.    **Conclusion**

For the reasons stated above, this Court should grant a stay of the District Court's Order authorizing the return to the Government of the materials seized from Mr. Brice's cell.  That stay should order the cessation of communication about the subject matter of the seized materials between those members of the prosecution team who have read the materials from those members of the prosecution team who have not read the materials.


Dated:    May 24, 2012                    Respectfully Submitted,


                                        s/Matthew Campbell
                                        Federal Defenders of Eastern
                                        Washington and Idaho
                                        10 N. Post, Suite 700
                                        Spokane, Washington 99201
                                        (509) 624-7606
                                        Matt_Campbell@fd.org
                                        Attorneys for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2011, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service of the brief will be accomplished by the appellate CM/ECF system.

s/Matthew Campbell
Attorney for Appellant

# Exhibit A

1   Matthew Campbell
2   FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
    10 North Post, Suite 700
3   Spokane, Washington 99201
    (509) 624-7606
4
    Attorneys for Defendant
5
                    UNITED STATES DISTRICT COURT
6                   EASTERN DISTRICT OF WASHINGTON
                      (HONORABLE LONNY R SUKO)
7
8   UNITED STATES OF AMERICA,      )
                                    )
9          Plaintiff,              )     CR-11-075-LRS
                                    )
10      vs.                        )     MOTION FOR EMERGENCY
                                    )     HEARING RE: VIOLATION OF
11  JOSEPH JEFFREY BRICE,          )     ATTORNEY-CLIENT AND/OR
                                    )     WORK-PRODUCT PRIVILEGE
12         Defendant.              )     AFFIDAVIT OF MATTHEW
                                    )     CAMPBELL
13  _____)
14
15          Mr. Brice, through undersigned counsel, hereby moves for an emergency

16  hearing regarding violation(s) of attorney-client and/or work-product privilege.

17  This motion is based upon the facts related in the attached Affidavit of Matthew

    Campbell.
18
19          An emergency hearing is necessary because based on the facts recited in that

20  Affidavit, it appears that the Government has violated attorney-client and/or work-

    product privileges, in violation of the Sixth Amendment.  As discussed in the
21
22  Affidavit, it appears that the Government seized materials from Mr. Brice's cell

    which included legal materials and documents protected from disclosure by
23
24  MOTION FOR EMERGENCY HEARING
    RE: VIOLATION OF PRIVILEGE              1

1   attorney-client and/or work product privilege.

2       It may be possible to mitigate the damage caused by those violations if a

3   hearing is held immediately.  Absent a hearing, irrevocable damage may be done.

4       An emergency hearing is necessary in order to prevent the further violation of

5   attorney-client privilege.  The Ninth Circuit has determined that potential violations

6   of attorney-client privilege may be dealt with at the earliest opportunity, implicitly

7   recognizing that certain bells cannot be unrung.  *See, e.g., Bittaker v. Woodford,* 331

8   F.3d 715, 716-18 (9th Cir.2003) *(en banc)* (allowing an interlocutory appeal of a

9   protective order that precluded the use of privileged materials outside the context of

10   a habeas petition for ineffective assistance of counsel, which petition required the

11   waiver of the attorney-client privilege as to all communications with the allegedly

12   ineffective counsel).[1]

13       The purposeful invasion of attorney-client and work product privileged

14   materials can violate the Sixth Amendment by both communicating the defense

15   strategy to the prosecution and tainting evidence.  *See, e.g., United States v.*

16

17       [1]   *Bittaker* cites approvingly *In re Ford Motor Co.*, 110 F.3d 954, 962-

18   64 (3d Cir.1997) ("Appeal after final judgment cannot remedy the breach in

19   confidentiality occasioned by erroneous disclosure of protected materials.... [T]he

20   cat is already out of the bag.... [T]here is no way to unscramble the egg scrambled

21   by the disclosure...."); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1307-08 (7th

22   Cir.1984) ("Once the Report was released, any error in releasing it would be

23   impossible to correct.")

24   MOTION FOR EMERGENCY HEARING
     RE: VIOLATION OF PRIVILEGE       2

1    *Danielson*, 325 F.3d 1054, 1067 (9th Cir.2003) (citing *Weatherford v. Bursey,* 429

2    U.S. 545, 558 (1977)).  Based upon the facts presently known, a hearing is

3    necessary to determine the scope of any violation of privilege, as well as to prevent

4    further violations from occurring.

5

6    **Conclusion**

7         For the reasons expressed herein, Mr. Brice respectfully requests that the

8    Court conduct an emergency hearing regarding the violation of attorney-client

9    and/or work product privilege.

10

11    Dated:  May 22, 2012

12                              Respectfully Submitted,
                              s/ Matthew Campbell
                              WA 38696
13                              Attorneys for BRICE
                              Federal Defenders of
14                              Eastern Washington and Idaho
                              10 North Post, Suite 700
15                              Spokane, Washington 99201
                              Telephone: (509) 624-7606
16                              Fax: (509) 747-3539
                              Email: Matt_Campbell@fd.org

17

18

19

20

21

22

23

24

MOTION FOR EMERGENCY HEARING
RE: VIOLATION OF PRIVILEGE                3

1  Matthew Campbell
   FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
2  10 North Post, Suite 700
   Spokane, Washington 99201
3  (509) 624-7606

4  Attorneys for Defendant

5                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
6                   (HONORABLE LONNY R SUKO)

7  UNITED STATES OF AMERICA,        )
                                    )
8        Plaintiff,                 )    CR-11-075-LRS
                                    )
9  vs.                              )    AFFIDAVIT OF MATTHEW
                                    )    CAMPBELL
10 JOSEPH JEFFREY BRICE,            )
                                    )
11       Defendant.                 )
                                    )
12

13       I hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746,

14 that:

15       1.    I am counsel of record for Joseph Brice in this case.

16       2.    The following affidavit is based upon my own personal knowledge and

17 my review of materials provided via discovery.

18       3.    On the morning of May 22, 2011, I received a phone call from Joseph

19 Brice.  Mr. Brice was then housed at the Spokane County Jail.

20       4.    Mr. Brice informed me that this morning, his cell was searched by

21 United States Marshals as well as the FBI.  Written materials were taken, including

22 legal materials involved in this case.

23       5.    Mr. Brice also informed me that after the search, he was transferred to a

24 MOTION FOR EMERGENCY HEARING
   RE: VIOLATION OF PRIVILEGE            4

1    cell on 6-East, which is on a different floor than he has been housed.

2         6.    I contacted the United States Marshals via email to find out what was

3    going on.  I received the following response:

> I would defer any questions of what was seized or found to the us attorney
> smoot or fbi sa mcewen. I can confirm that a cell search was conducted with
> the usms role as liaison and determining which materials were privileged
> legal or personal upon cursory inspection. The factors of found material and
> activity lead classification to 6E.

7         7.    I then contacted AUSA Russ Smoot and asked why Mr. Brice's cell

8    was tossed.  Initially, he stated he would have to refer me back to the United States

9    Marshals.  I told him that I had already contacted the Marshals and that they had

10   referred me to him.

11        8.    I informed Mr. Smoot that I was concerned about the violation of

12   attorney-client privilege.  Mr. Smoot informed me that he could not provide me with

13   the answers that I sought at this time.  He stated that he wanted to be able to provide

14   me with complete information, and thus needed to defer discussing the matter for at

15   least a day.

16        9.    I informed Mr. Smoot that I viewed this as a breach of attorney-client

17   privilege.  He stated that no privileged materials had been provided to him.  I stated

18   that to the best of my knowledge, no special master was used.  He responded that he

19   did not believe that the case agent, Agent Leland McEuen, had been given any

20   privileged materials.

21        10.   Mr. Smoot repeated that he wanted to be able to give me complete

22   information, and needed a day or so.  I stated that I did not think this matter could

23   wait, as once privilege is violated, the bell cannot be unrung.

24

MOTION FOR EMERGENCY HEARING
RE: VIOLATION OF PRIVILEGE                5

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed on May 22, 2012

3

4                                            Respectfully Submitted,

5                                            s/ Matthew Campbell
                                             WA 38696
6                                            Attorneys for BRICE
                                             Federal Defenders of
7                                            Eastern Washington and Idaho
                                             10 North Post, Suite 700
8                                            Spokane, Washington 99201
                                             Telephone: (509) 624-7606
9                                            Fax: (509) 747-3539
                                             Email: Matt_Campbell@fd.org

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
MOTION FOR EMERGENCY HEARING
RE: VIOLATION OF PRIVILEGE                   6

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Russell E. Smoot, Assistant United States Attorney.

> s/ Matthew Campbell
> WA 38696
> Attorneys for BRICE
> Federal Defenders of
> Eastern Washington and Idaho
> 10 North Post, Suite 700
> Spokane, Washington 99201
> Telephone: (509) 624-7606
> Fax: (509) 747-3539
> Email: Matt_Campbell@fd.org

MOTION FOR EMERGENCY HEARING
RE: VIOLATION OF PRIVILEGE        7

# Exhibit B

Michael C. Ormsby
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 11-CR-00075-LRS |
| vs. | ) ) ) | United States' Response to Motion for Emergency Hearing re: Violation of Attorney-Client and/or Work-Product Privilege |
| JOSEPH JEFFEREY BRICE, | ) ) | |
| Defendant. | ) ) ) ) ) | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the United States' Response to Motion for Emergency Hearing re: Violation of Attorney-Client and/or Work-Product Privilege.

RESPONSE

On May 18, 2012, the United States Marshal Service ("USMS") searched federal detainee Defendant BRICE's cell at the Spokane County Jail.[1]  According

---

[1]It appears from the Affidavit of Matthew Campbell that the Defendant did not advise counsel of the search until Tuesday, May 22, 2012.  *See* ECF Doc. 265.

United States' Response to Motion for Emergency Hearing re: Violation of Attorney-Client and/or Work-Product Privilege - 1
P20522RC.RSC.wpd

1  to the USMS and the Federal Bureau of Investigation ("FBI") oral report to the

2  United States Attorney's Office on May 18, 2012, and May 22, 2012, a two-step

3  procedure was used to assure that *attorney-client privilege material* was not seized

4  during the search.  First, a USMS Deputy Marshal participating in the search

5  separated material that appeared to possibly be legal material.  Such legal-

6  appearing material was not removed from the Defendant's cell.  Second, prior to

7  review by FBI Special Agent Bomb Technician ("SABT") McEuen (investigation

8  case agent), FBI Intelligence Analyst ("IA") John Pulcastro, who has not

9  previously participated in the investigation of Defendant BRICE, reviewed the

10  seized material that was provided to the FBI from the USMS.  FBI IA Pulcastro

11  determined that none of the seized material infringed upon the attorney-client

12  privilege.  After the two-part review was complete, the seized, non-privilege

13  material was provided to FBI SABT McEuen.  The United States Attorney's Office

14  was contacted prior to and after the search of Defendant BRICE's cell.

15      On May 22, 2012, shortly after being contacted by defense counsel (*see*

16  ECF Doc. 265, ¶¶ 7-10) the United States Attorney's Office was provided copies

17  of 3 documents by SABT McEuen.  While the documents were being reviewed,

18  defense counsel filed ECF Doc. 265 (*Motion for Emergency Hearing Re:*

19  *Violation of Attorney-Client and/or Work-Product Privilege Affidavit of Matthew*

20  *Campbell*).  The United States immediately advised SABT McEuen to obtain

21  Reports from the USMS Deputy Marshal and FBI IA Pulcastro describing the

22  procedures used to separate possible attorney-client material from other

23  non-privilege documents.  Additionally, the United States directed SABT McEuen

24  to place copies of the documents reviewed by the United States Attorney's Office

25  in one SEALED manila envelope and copies of the documents that have not yet

26  United States' Response to Motion for Emergency Hearing re: Violation of
   Attorney-Client and/or Work-Product Privilege - 2

27  P20522RC.RSC.wpd

Case 2:11-cr-00075-LRS    Document 269    Filed 05/22/12

1  been reviewed by the United States Attorney's Office in a separate SEALED

2  manila envelope.  The United States advised SABT McEuen that the SEALED

3  envelopes and relevant Reports would be provided via FedEx to the Court for *in*

4  *camera* review prior to any further review by the United States Attorney's Office.

5       Based upon review of the 3 documents presented to the United States

6  Attorney's Office, the United States believes that the non-privilege documents

7  seized from the Defendant BRICE's cell may be relevant to the matter of *United*

8  *States v. Joseph Jefferey Brice*, 11-CR-00075-LRS, and other investigations.  As

9  such, the United States respectfully requests this Court to review the documents *in*

10  *camera* and, upon the determination that no attorney-client privilege material is

11  included in the seized documents, release all of the documents to the United States

12  Attorney's Office for review concerning relevance to this matter and other possible

13  investigations.  If such material is relevant to this matter, the United States will

14  comply with its discovery obligations concerning such material.

15       DATED May 22, 2012.

16                                    Michael C. Ormsby
                                     United States Attorney
17

18                                    *s/Russell E. Smoot*

19                                    Russell E. Smoot
                                     Assistant United States Attorney
20

21

22

23

24

25

26  United States' Response to Motion for Emergency Hearing re: Violation of
    Attorney-Client and/or Work-Product Privilege - 3
27  P20522RC.RSC.wpd

1    I hereby certify that on May 22, 2012, I electronically filed the foregoing

2  with the Clerk of the Court using the CM/ECF System which will send

3  notification of such filing to the following, and/or I hereby certify that I have

4  mailed by United States Postal Service the document to the following non-

5  CM/ECF participant(s):

6

7         Matthew Campbell
          Federal Defenders
8         10 North Post Street, Suite 700
          Spokane, WA 99201
9

10

11                                *s/Russell E. Smoot*

12                        Russell E. Smoot
                          Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26  United States' Response to Motion for Emergency Hearing re: Violation of
    Attorney-Client and/or Work-Product Privilege - 4
27  P20522RC.RSC.wpd

# Exhibit C

Case 2:11-cr-00075-LRS   ECF No. 280-1   filed 05/24/12   PageID.3176   Page 42 of 44
Case: 12-30191   05/24/2012   ID: 8190966   DktEntry: 2   Page: 42 of 44
Case 2:11-cr-00075-LRS   Document 270   filed 05/22/12

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | **Case No. CR-11-00075-LRS-1** |
|---|---|
| Plaintiff, | **CRIMINAL MINUTES** |
| vs. | **DATE: 5/22/2012** |
| JOSEPH JEFFEREY BRICE, | **LOCATION: YAKIMA** |
| Defendant. | **PTC/MOTION HEARING** (Telephonic) |

| Judge LONNY R. SUKO | | |
|---|---|---|
| Laura McClure **Courtroom Deputy** | Beth Wehrkamp     N/A **Law Clerk**     **Interpreter** | Lynette Walters **Court Reporter** |
| Russell E. Smoot **Plaintiff's Counsel** | Matthew A. Campbell **Defendant's Counsel** | |
| **Probation Officer:** No Appearance | | |

[ ]  **Open Court**          [ ]  **Chambers**          [X]  **Telecon**

Defendant not present for this hearing

Arguments presented by Mr. Campbell.
Arguments presented by Mr. Smoot.
Additional arguments and comments by counsel.

Defendant's Motion for Emergency Hearing Re: Violation of Attorney-Client and/or Work-Product Privilege (ECF No. 265) - **granted;** original documents which were seized by law enforcement shall remain sealed; complete sealed copies shall be provided to the Court for review.

[ ] **ORDER FORTHCOMING**

| CONVENED: 3:02 PM | ADJOURNED: 3:32 PM | TIME: 30 MINUTES | CALENDARED [  ] |
|---|---|---|---|

# Exhibit D

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH JEFFEREY BRICE,

Defendant.

**Case No. CR-11-00075-LRS-1**

**CRIMINAL MINUTES**

**DATE: 5/23/2012**

**LOCATION: YAKIMA**

**PTC/MOTION HEARING** (Telephonic)

| Judge LONNY R. SUKO | | |
|---|---|---|
| Laura McClure **Courtroom Deputy** | Beth Wehrkamp **Law Clerk** | N/A **Interpreter** | Stephanie Smithson **Court Reporter** |

| Russell E. Smoot **Plaintiff's Counsel** | Matthew A. Campbell **Defendant's Counsel** |
|---|---|

**Probation Officer:** No Appearance

[ ] **Open Court**     [ ] **Chambers**     [X] **Telecon**

Defendant not present for this hearing

The Court informed counsel the sealed materials were received today and reviewed in camera.

Court finds no attorney client privilege and no work product are contained in these materials.

Mr. Campbell requested copies of these materials and a stay of further use and/or review by the Government.

The Court granted the parties request to continue this hearing and an additional telephonic hearing was set; the status quo shall be maintained in the interim.

**Telephonic Status Conference: 5/25/12 @ 9:00 am Y/LRS**

[ ] **ORDER FORTHCOMING**

| CONVENED: 3:00 PM | ADJOURNED: 3:36 PM | TIME: 36 MINUTES | CALENDARED [ ] |
|---|---|---|---|