Matthew Campbell
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE LONNY R. SUKO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-11-075-LRS |
| ) | |
| vs. ) | MEMORANDUM RE: FILING OF |
| ) | NOTICE OF APPEAL AND LOSS OF |
| JOSEPH JEFFREY BRICE, ) | JURISDICTION |
| ) | |
| Defendant. ) | |
| ) | |

On May 24, 2012, Mr. Brice filed a notice of appeal regarding the Court's determination that the materials seized from his cell were not privileged. That appeal divested this Court of jurisdiction. *Griggs v. Prorident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance"); *Pro Sales, Inc. v. Texaco, USA.,* 792 F.2d 1394, 1396 n.l (9th Cir. 1986). The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of *the case involved* in the appeal." *Griggs, supra,* at 58. *See also United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) ("Once a notice of appeal is filed, the district court loses jurisdiction over a case.").

MEMORANDUM RE:
NOA AND JURISDICTION                1

1    Once the notice of appeal was filed on May 24th, this Court was effectively
2 divested of jurisdiction over the issue of the search of Mr. Brice's cell. It would be
3 improper for this Court to exercise jurisdiction over that issue at the same time that
4 the Court of Appeals is exercising jurisdiction. "A federal district court and a
5 federal court of appeals should not attempt to assert jurisdiction over *a case*
6 simultaneously." *Id*. The purpose of this rule is "to promote judicial economy and
7 avoid the confusion that would ensue from having the same issues before two courts
8 simultaneously." *NRDC v. Sw. Marine*, 242 F.3d 1163, 1166 (9th Cir. 2001).

9    While a district court may act to preserve the status quo while an appeal is
10 pending, it "may not materially alter the status of the case on appeal" or "finally
11 adjudicate substantial rights directly involved in the appeal." *Sw. Marine*, 242 F.3d
12 at 1166-67; *see also Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n
13 Local 200*, 611 F.3d 483, 495 (9th Cir. 2010); *McClatchy Newspapers v. Cent.
14 Valley Typographical Union No. 46*, 686 F.2d 731, 735 (9th Cir. 1982). The
15 jurisdictional transfer principle thus includes a "narrowly limited" exception to
16 "preserve the status quo while the case is pending in [an] appellate court."
17 *McClatchy*, 686 F. 2d at 735. The "status quo" is that "as of the filing of [the]
18 appeal." *Sw. Marine*, 242 F.3d at 1166.

19    Based on this limited exception, this Court could act in order to preserve the
20 status quo. Essentially, the Court has already done so, by keeping the materials
21 submitted to the Court under seal, and maintaining the status quo in regard to the
22 dissemination of those materials.

23    The Court retains limited jurisdiction to take actions that assist the court of
24

MEMORANDUM RE:
NOA AND JURISDICTION                     2

1  appeals in its deliberations, such as reducing an oral ruling to writing when that
2  writing is consistent with the rulings stated orally. *In re Silberkraus*, 336 F.3d 864,
3  869 (9th Cir. 2003).  Thus, if the Court wishes to issue a formal written order
4  memorializing its oral rulings to date, it can do so.  However, if the Court does so, it
5  should take care not to engage in what might be seen as partisanship or advocacy.
6  When a district court files a memorandum after an appeal has been taken, it runs a
7  risk of creating an unwelcome appearance of partisanship.  Its writing may be
8  viewed as a quasi-brief, filed as a way of defending against the appeal. *See United*
9  *States v. Pelullo,* 14 F.3d 881, 907 (3d Cir. 1994) (noting that the " 'delayed filing'
10 of such a memorandum 'may raise suspicions of partiality' "). *See also, e.g., United*
11 *States v. Martin,* 520 F.3d 87, 97 & n.7 (1st Cir. 2008).

12      The Ninth Circuit and other courts agree– repeatedly. *Pro Sales,* 792 F.2d at
13 1396 n. 1 ("the district court purported to amend its opinion after Pro Sales had filed
14 its notice of appeal from the order of dismissal. Because the filing of a notice of
15 appeal generally divests the district court of jurisdiction over the matters appealed ...
16 the district court here had no power to amend its opinion at the time it attempted to
17 do so."); *Newspapers v. Central Valley Typographical Union No. 46,* 686 F.2d 731,
18 7.34-35 (9th Cir. 1982) (vacating post-appeal order because district court has no
19 power "to adjudicate anew the merits of the case after either party has invoked its
20 right of appeal and jurisdiction has passed to an appellate court"); *Sumida v. Yumen,*
21 409 F.2d 654, 656-57 (9th Cir. 1969) (holding amended order filed *75 minutes* after
22 a notice of appeal a "nullity"); *Inland Bulk Transfer Co. v. Cummins Engine Co.,*
23 332 F.3d 1007, 1014 (6th Cir. 2003) (refusing to permit supplementation of the
24

MEMORANDUM RE:
NOA AND JURISDICTION           3

record with "purported legal conclusions or reasoning of the district judge created a year and a half after his ruling"); *Chemlawn Services Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed Cir. 1987) (no jurisdiction to enter findings of fact 2 1/2; months after filling of judgment and notice of appeal); *Ced's Inc. v. EPA,* 745 F.2d 1092, 1095 (7th Cir. 1984) ("The parties to an appeal are entitled to have a stable set of conclusions of law on which they can rely in preparing their briefs") (vacating supplemental memorandum filed four months after judgment, two months after notice of appeal, and only a week before appellant's brief was due); *cf. also United States v. Edwards,* 800 F.2d 878, 883 (9th Cir. 1986) (Fed. R. Crim. Proc. 32(c)(3)(D) findings entered five months after judgment).

To litigate this matter further at this point would amount to "adjudicat[ing] substantial rights directly involved in the appeal." *McClatchy*, 686 F.2d at 735. A District Court may not expand or otherwise alter a ruling under appeal. *See National Labor Relations Board v. Cincinnati Bronze, Inc.,* 829 F.2d at 588-89.

At the time that Mr. Brice filed his appeal, the Court had orally ruled that the materials submitted to the Court were not privileged. The Court had not ordered the return of the documents to the Government. The "status quo" is, therefore, that the documents are not privileged, and the documents have not yet been returned to counsel for the Government. Mr. Brice filed his notice of appeal in order to seek review of the Court's determination that the seized documents are not privileged.

As discussed above, the notice of appeal divested this Court of jurisdiction over the issue of the seized materials. The Court is authorized to maintain the status quo. It appears, however, that the Court has already done so in its rulings to date.

MEMORANDUM RE:
NOA AND JURISDICTION                    4

1  No further actions by the Court are necessary in order to preserve the status quo. If
2  the Court wishes to issue a formal written ruling to memorialize its oral ruling,
3  without expanding, altering or amending that ruling, it also has the authority to do
4  so.

Dated: May 29, 2012

Respectfully Submitted,
s/ Matthew Campbell
WA 38696
Attorneys for BRICE
Federal Defenders of
Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
Telephone: (509) 624-7606
Fax: (509) 747-3539
Email: Matt_Campbell@fd

MEMORANDUM RE:
NOA AND JURISDICTION                 5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Russell E. Smoot, Assistant United States Attorney.

s/ Matthew Campbell
WA 38696
Attorneys for BRICE
Federal Defenders of
Eastern Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
Telephone: (509) 624-7606
Fax: (509) 747-3539
Email: Matt_Campbell@fd.org