Michael C. Ormsby
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH JEFFEREY BRICE, ) <br> ) <br> Defendant. ) <br> ) | 11-CR-00075-LRS <br><br> United States' Memorandum <br> Re: Jurisdiction |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the United States' Memorandum Re: Jurisdiction:

MEMORANDUM

On May 25, 2012, this Court requested the parties to brief the issue of whether this Court is divested of jurisdiction as a consequence of the Defendant's filing of a Notice of [Interlocutory] Appeal of this Court's orally-pronounced determination that none of the documents provided *in camera* on May 22, 2012, contained attorney-client privileged material. The United States respectfully submits that this Court has not been divested of jurisdiction over *United States v. Brice*, 11-CR-00075-LRS.

United States' Memorandum Re: Jurisdiction - 1
P20530rs.RSB.memo.jx.wpd

In *United States v. Linton*, 502 F.Supp. 871, 874 (D.C.Nev. 1980),[1] the court explained:

> As a general rule, once a notice of appeal has been filed a United States district court is divested of jurisdiction to take any action except in aid of the appeal. *See Ruby v. Secretary of United States Navy*, 365 F.2d 385 (9th Cir. 1966), *cert. den*. 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). However, an attempted appeal from a nonappealable order does not deprive the trial court of jurisdiction. *Resnik v. LaPaz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961); *Hoffman, Etc. v. Beer Drivers & Salesmen's, Etc.*, 536 F.2d 1268 (9th Cir. 1976). The procedural guidelines for the district court judge are aptly set forth in Ruby, supra, at page 389:
>
>> "Where the deficiency in a notice of appeal, by reason of ... reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of ... such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals. In the rare instance where the district court proceeds with a case under the mistaken belief that a notice of appeal is inoperative, the appellant may apply to the court of appeals for a writ of prohibition."

---

[1] The United States recognizes that decisions by the District Court for the District of Nevada are clearly not binding on this Court. Upon review of the issue under the Court's time-frame and pleading-length restriction, the United States submits that principles set forth in *Linton* directly answer this Court's inquiry.

United States' Memorandum Re: Jurisdiction - 2
P20530rs.RSB.memo.jx.wpd

In this case, the Defendant indicated in his Notice of Appeal that the Order[2] he is appealing a

> Ruling by Court that no violation of attorney-client or work product privileges occurred during search of legal and non-legal materials contained in Mr. Brice's cell at Spokane County Jail (ECF No. 272).

*See* ECF Doc. 274. In essence, the Defendant is simply attempting to appeal this Court's finding concerning the nature of seized documents. The United States respectfully submits that such a finding is not a "final decision of [a] district court" and, as such, does not provide a basis for an interlocutory appeal in either the civil *or criminal* contexts.

In *Mohawk Industries, Inc. v. Carpenter*, — U.S. — , 130 S.Ct. 599, 603 (2009), the United States Supreme Court explained, in the civil context, that

> Section 1291 of the Judicial Code confers on federal courts of appeals jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. Although "final decisions" typically are ones that trigger the entry of judgment, they also include a small set of prejudgment orders that are "collateral to" the merits of an action and "too important" to be denied immediate review. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In this case, petitioner Mohawk Industries, Inc., attempted to bring a collateral order appeal after the District Court ordered it to disclose certain confidential materials on the ground that Mohawk had waived the attorney-client privilege. The Court of Appeals dismissed the appeal for want of jurisdiction.

---

[2]Technically, the Defendant filed his Notice of Appeal after this Court orally pronounced its finding that the seized documents contained no privileged material. As the documents are presently in the possession of the United States (Federal Bureau of Investigation), there are no grounds for the type of disclosure or discovery order typically at issue in the civil matters that have addressed interlocutory appeal of such orders.

United States' Memorandum Re: Jurisdiction - 3
P20530rs.RSB.memo.jx.wpd

The Supreme Court discussed *Cohen* and ultimately held that "the collateral order doctrine does not extend to disclosure orders adverse to the attorney-client privilege [and that] [e]ffective appellate review can be had by other means." *Mohawk Industries*, 130 S.Ct. at 609.

Here, the issue is not whether this Court has ordered a party to civil litigation to disclose potential attorney-client privilege material to the opposing party through the civil discovery process. Rather, the issue, in this criminal matter is whether this Court will release the assigned[3] Assistant United States Attorney from a self-imposed prohibition of reviewing material that the Federal Bureau of Investigation lawfully obtained from the U.S. Marshal Service. Whether such release, upon the finding that the documents presently in the possession of the United States do not contain privileged material, is characterized as a "disclosure order" or not, the end result is the same – the "release" or "disclosure" is not subject to interlocutory appeal.[4] As such, this Court is not divested of jurisdiction.

DATED March , 2012.

    Michael C. Ormsby
    United States Attorney

    ***s/Russell E. Smoot***

    Russell E. Smoot
    Assistant United States Attorney

---

[3] Specifically assigned to the matter of *United States v. BRICE*, 11-CR-00075-LRS.

[4] Whether the Defendant has any other viable form of relief is not the issue before the Court.

United States' Memorandum Re: Jurisdiction - 4
P20530rs.RSB.memo.jx.wpd

I hereby certify that on May 30, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

>Matthew Campbell
>Federal Defenders
>10 North Post Street, Suite 700
>Spokane, WA 99201

>*s/Russell E. Smoot*

>Russell E. Smoot
>Assistant United States Attorney

United States' Memorandum Re: Jurisdiction - 5
P20530rs.RSB.memo.jx.wpd