Michael C. Ormsby
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH JEFFEREY BRICE, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | 11-CR-00075-LRS <br><br> United States' Notice of Clarification to ECF Doc. 269 |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the United States' Notice of Clarification to ECF Doc. 269.

RESPONSE

On May 22, 2012, the United States filed a *Response to Motion for Emergency Hearing re: Violation of Attorney-Client and/or Work-Product Privilege* ECF Doc. 269. In the *Response*, the United States represented that the documents seized during the U.S. Marshal Service search of the Defendant's Spokane County Jail cell were reviewed as follows:

Notice of Clarification to ECF Doc.269 - 1
P20530rs.RSC.notice.clarification.wpd

    According to the USMS and the Federal Bureau of Investigation ("FBI") oral report to the United States Attorney's Office on May 18, 2012, and May 22, 2012, a two-step procedure was used to assure that *attorney-client privilege material* was not seized during the search. First, a USMS Deputy Marshal participating in the search separated material that appeared to possibly be legal material. Such legal-appearing material was not removed from the Defendant's cell. Second, prior to review by FBI Special Agent Bomb Technician ("SABT") McEuen (investigation case agent), FBI Intelligence Analyst ("IA") John Pulcastro, who has not previously participated in the investigation of Defendant BRICE, reviewed the seized material that was provided to the FBI from the USMS. FBI IA Pulcastro determined that none of the seized material infringed upon the attorney-client privilege. After the two-part review was complete, the seized, non-privilege material was provided to FBI SABT McEuen.

ECF Doc. 269.

    Upon review of the discovery provided to the Defendant in this matter, defense counsel advised the United States that FBI IA Pulcastro's name did appear in one FBI-302 ("Report") and a string of internal FBI emails related to the Report. After consulting with the FBI, the United States attempted to clarify FBI IA Pulcastro's involvement during the Telephonic Conference on Friday, May 25, 2012. Although the United States initially intended to file a written clarification, during the hearing defense counsel indicated that he was satisfied with the United States' representation that FBI IA Pulcastro had a very limited participation on May 9, 2011, and is not currently considered to be a percipient witness in the United States' case-in-chief. Consequently, the United States decided to not file a written clarification.

    After the May 25, 2012, Telephonic Hearing, however, this AUSA was contacted by the FBI concerning the prior representation of the review process. After discussion with FBI, and review of an FBI-302 describing the search/review process, this AUSA realized that he had misunderstood FBI's representation of the review process and, as a result of that misunderstanding, unintentionally

Notice of Clarification to ECF Doc.269 - 2
P20530rs.RSC.notice.clarification.wpd

misrepresented the process in ECF Doc. 269 and during the May 25, 2012, Telephonic Hearing.

Therefore, in an effort to most accurately advise the Court and the Defendant concerning the process used to by the U.S. Marshal Service and the Federal Bureau of Investigation to separate potential privileged material (which was not seized) and non-privileged material (which was seized and further reviewed) the United States hereby attaches FBI SABT McEuen's Report of the seizure/review process.  *See* Attachment.[1]

The United States respectfully submits this clarification.

DATED May 30, 2012.

                        Michael C. Ormsby
                        United States Attorney

                        ***s/Russell E. Smoot***

                        Russell E. Smoot
                        Assistant United States Attorney

---

[1] All non-relevant information has been redacted.  Although FBI does not consider U.S. Deputy Marshal Shafer to have been "part of the investigative team," *see* Attachment, pg. 1, U.S. Deputy Marshal Shafer did handle an explosive-trained canine during the execution of search warrants relevant to this matter on May 9, 2011.  Like FBI IA Pulcastro, the United States does not currently considered Deputy Marshal Shafer to be a percipient witness in the United States' case-in-chief.

Notice of Clarification to ECF Doc.269 - 3
P20530rs.RSC.notice.clarification.wpd

I hereby certify that on May 30, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Matthew Campbell
Federal Defenders
10 North Post Street, Suite 700
Spokane, WA 99201

*s/Russell E. Smoot*

Russell E. Smoot
Assistant United States Attorney

Notice of Clarification to ECF Doc.269 - 4
P20530rs.RSC.notice.clarification.wpd