UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

JOSEPH JEFFEREY BRICE,

                    Defendant.

NO. CR-11-0075-LRS

**ORDER RE IN CAMERA DOCUMENTS**

<u>**MAY 22, 2012**</u>

On May 22, 2012, an expedited telephonic hearing was held at the request of Defendant Brice to consider the following motion: Defendant's Expedited Motion for Emergency Hearing Re: Alleged Violation of Attorney-Client and/or Work-Product Privilege (ECF Nos. 265, 266), filed on May 22, 2012. Assistant United States Attorney Russell Smoot appeared on behalf of the Government; Matthew Campbell appeared on behalf of Defendant Brice. Given the emergent nature of the motion, Defendant Brice's participation in the telephonic hearing was waived by defense counsel at all telephonic hearings discussed in this order. At the conclusion of the May 22, 2012 hearing and based on the agreement of the parties, the Government was directed to

ORDER - 1

forward the seized documents, that were already in SEALED envelopes, to the Court for in camera review.

### A.    Defendant's Motion for Emergency Hearing (ECF No. 265)

According to the Affidavit in support of defendant's May 22, 2012 motion, defense counsel alleged that the Government seized materials from Defendant's cell on May 18, 2012, which included (or may have included) legal materials and documents protected from disclosure by the attorney-client and/or work product privilege.

### B.    United States' Response (ECF No. 269)

Prior to the telephonic hearing on May 22, 2012, the Government filed its response to defendant's motion explaining the circumstances surrounding the May 18, 2012 United States Marshal Service's ("USMS") search of federal detainee Defendant Brice's cell at the Spokane County Jail.

The Government explained that a two-step procedure was used to assure that attorney-client privilege material was not seized during the search. First, a USMS Deputy Marshal participating in the search separated material that appeared to possibly be legal material. Such legal-appearing material was not removed from the Defendant's cell. Second, prior to review by FBI Special Agent Bomb Technician ("SABT") McEuen (investigation case agent), FBI Intelligence Analyst ("IA") John Pulcastro reviewed the seized material that was provided to the FBI from the USMS. FBI IA Pulcastro determined that none of the seized material infringed upon the attorney-client privilege.

ORDER - 2

After the two-part review was complete, the seized, non-privilege material was provided to FBI SABT McEuen. The United States Attorney's Office was contacted by law enforcement officers prior to and after the search of Defendant Brice's cell.  All documents seized were placed in two (2) SEALED manila envelopes.  One envelope contained three (3) seized documents that were reviewed by the United States Attorney's Office, and were determined to be non-privileged documents but potentially relevant to the matter of *United States v. Joseph Jefferey Brice*, 11-CR-00075-LRS, and other investigations. The United States Attorney's Office did not review any other documents.

While the documents were being reviewed, defense counsel filed ECF Doc. 265 (Motion for Emergency Hearing Re: Violation of Attorney-Client and/or Work-Product Privilege Affidavit of Matthew Campbell).  According to Plaintiff's counsel, the United States immediately advised SABT McEuen to obtain Reports from the USMS Deputy Marshal and FBI IA Pulcastro describing the procedures used to separate possible attorney-client material from other non-privilege documents.

At the hearing on May 22, 2012, the parties agreed that this Court should review the documents to determine whether any attorney-client or work product was contained in the SEALED envelopes.  The Court indicated that if appropriate, it would thereafter release all non-privileged documents to the United States Attorney's Office for review concerning relevance to the instant case and for use in other

ORDER - 3

possible investigations.  If such material was relevant to this case, the United States indicated it would comply with its discovery obligations concerning such material.

**MAY 23, 2012**

On May 23, 2012, the Court held a second telephonic conference with counsel to inform the parties that the Court had received the SEALED documents from the Government on May 23, 2012 and had reviewed the documents in camera in the short time period prior to the May 23, 2012 telephonic conference.  The Court indicated that insofar as could be determined, there were no written communications between Defendant Brice and his counsel nor did there appear to be any work product type of documents among the SEALED documents.  Defense counsel requested copies of the SEALED documents and a stay of further use and/or review of the SEALED documents by the Government.  Counsel for the parties further requested a continuance of the hearing to provide additional briefing.  The Court granted the request for a continuance of the May 23, 2012 hearing and ordered that the status quo with respect to the SEALED documents be maintained in the interim and that neither party would receive the documents pending completion of the hearing.  The Court then set an additional telephonic hearing on May 25, 2012.

**MAY 24, 2012**

On May 24, 2012, Defendant Brice, through counsel, appealed to the United States Court of Appeals for the Ninth Circuit from this Court's finding and "Minute Entry" (ECF No. 272), that no violations

ORDER - 4

of attorney-client or work product privileges occurred during the
search of Defendant Brice's cell on May 18, 2012 at Spokane County
Jail, based on the Court's May 23, 2012 review of the SEALED
documents.

**MAY 25, 2012**

On May 25, 2012, the Court considered arguments from counsel
relating to procedural and jurisdictional matters.  The Court ordered
briefing by the parties regarding the jurisdictional concerns raised
by Defendant. At the May 25th hearing, the Court indicated that the
stay with respect to the release of SEALED documents to either party
would remain in effect over the long holiday weekend and continue
until early the following week. Another telephonic hearing was set for
May 30, 2012.

**MAY 30, 2012**

On May 30, 2012, the Court ruled on the narrow issue before it,
whether any violations of attorney-client or work product privileges
occurred during the detainee search of materials contained in
Defendant Brice's cell at Spokane County Jail on May 18, 2012.  The
Court determined that no violations of attorney-client or work product
privileges occurred based on the Court's review of the SEALED
documents.  The Court found no reason to disallow the Government from
utilizing the documents for law enforcement functions.  Based on the
Government's representation that it would treat Defendant's appeal and
emergency motion to the Ninth Circuit effectively as a stay precluding

ORDER - 5

review of the SEALED documents, this Court ruled that the original stay orally ordered by the trial court would be dissolved with the entry of this written order.  This order is entered to memorialize and supplement the Court's oral ruling on May 30, 2012.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  Copies of the SEALED documents will be retained by the court solely for preserving the record on appeal.

2.  The court finds no violations of attorney-client or work product privileges occurred during the detainee search of materials contained in Defendant Brice's cell at Spokane County Jail on May 18, 2012.

3.  Nothing contained herein modifies or reduces the obligation of the United States Attorney's office concerning its ongoing duty to disclose all relevant materials required by law to be provided to defendant.

4.  In reliance of the Government's representation that it considered further dissemination and review of the seized documents to be stayed in light of the present proceedings in the 9th Circuit Court of Appeals, the original stay orally ordered by this court concerning preservation of the status quo and non-dissemination of the aforementioned materials is hereby lifted.

5.  Defendant's Motion to Expedite, ECF No. 266, is **GRANTED.**

ORDER - 6

6. Defendant's Motion for Emergency Hearing Re: Violation of Attorney-Client and/or Work-Product Privilege, ECF No. 265, filed on May 22, 2012 is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel and the U.S. Marshal.

**DATED** this __31st__ day of May, 2012.

*s/Lonny R. Suko*

_____
                                    LONNY R. SUKO
                       United States District Judge

ORDER - 7