UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOSEPH JEFFEREY BRICE,<br><br>          Defendant. | NO. CR-11-0075-LRS<br><br>**ORDER RE MAY 8 AND MAY 15, 2013 PRESENTENCING MOTIONS HEARINGS** |

**BEFORE THE COURT**, at the scheduled presentencing motions hearing on May 8, 2013, are the following defense motions: Defendant's Motion to Dismiss for 6th Amendment Rights and Privileges (ECF No. 380); and Defendant's Motion to Suppress(ECF No. 381). The Court made preliminary rulings during the May 8 hearing but allowed the parties to file supplemental briefing. The Court then made final rulings at the video-conference held with the consent of the parties on May 15, 2013. Having considered the parties' written and oral arguments, the Court enters this order to memorialize and supplement the Court's preliminary and final rulings on May 8 and May 15, 2013.

**A.   Defendant's Motion to Dismiss**

Defendant moves for a dismissal of the charges against him, based on alleged violations of his Sixth Amendment right to counsel, including violations of the attorney-client and work-product privileges. More specifically, Defendant asserts that during the jail

ORDER - 1

search, the Government reviewed and seized privileged material and, as such, the Indictment should either be dismissed or all parties participating in this matter, including this Court, the U.S. Attorney's Office in Spokane and the U.S. Probation Office, should be removed from further participation in the matter[1]. Additionally, Defendant asserts that the jail cell search constituted outrageous Government conduct.

The Government argues that Defendant has failed to identify any specific seized material that qualifies as "Attorney-Client Privilege" or "Work Product Privilege."  The Government argues that Defendant cannot show how Defendant Brice was prejudiced, even if the referenced materials in Exhibit Nos. 1-11 in ECF No. 385 and attachments were truly prepared by a party, representative, or agent in anticipation of litigation or trial.  However, defense counsel's motions focus only on 5 pages identified above and in footnote 1.

At the hearing, the Court closed the courtroom and heard argument from Assistant U.S. Attorney Hicks.  AUSA Hicks was instructed by the court and AUSA Smoot to review materials deemed privileged by defense counsel and to not reveal or discuss with AUSA Smoot those materials (consisting of 5 pages) within the US Attorney's Office pending further rulings from this court.

---

[1] Defense counsel acknowledges that any basis for recusal of the US Attorney's Office, U.S. Probation and this court arise solely from exposure to the 5 pages referenced in ECF No. 399.

ORDER - 2

Based on testimony from AUSA Hicks and defense counsel, the Court concludes that at first blush, the 5 pages alleged to be "Attorney-Client Privilege" or "Work Product Privilege" materials (ECF No. 399), do not appear to be privileged.  Only after testimony from defense counsel, could one determine that the one handwritten page was a journal entry prepared by Defendant at the request of his attorney. Considering all 5 sealed pages however, none reveal strategy or, in the alternative, are in any way of significance for sentencing purposes or are otherwise prejudicial to the Defendant.  Of note, the documents seized were never disclosed to the government until after the Ninth Circuit Court of Appeals refused to review the district court's finding that none of the documents were privileged and directed that this Court turn all of the seized documents over to the parties in March, 2013, 6 months after Defendant pleaded guilty in September 2012.  To this day, U.S. Attorney Smoot asserts that he has maintained separation within his office so as to not be privy to the 5 documents alleged to be violations of Defendant's Attorney-Client or Work Product privileges and seemingly of great concern to defense.

This Court finds that the remedies Defendant seeks, namely dismissal, and in the alternative, to recuse the U.S. Attorney, Probation Office and this Court, are not justified by the facts of this case.  To the extent there was an inadvertent violation of any privileged materials and such information is utilized in the presentence report, Defendant's remedy is to file objections to such

information, if any exists therein, and request any such information be stricken. The government will have an opportunity to respond and the Court will make rulings at the sentencing hearing.

**B.   Defendant's Motion to Suppress**

Defendant also moves to suppress the evidence seized from the jail cell search based on alleged violations of his Sixth Amendment right to counsel, including violations of the attorney-client and work-product privileges. Defendant leans on *United States v. Cohen*, 796 F.2d 20 (2nd Cir.1986)for suppression of the material seized from his jail cell based on his belief that the prosecutor initiated and directed the search of Brice's cell.

At the May 8, 2013 hearing, FBI Special Agent Bomb Technician ("SABT") McEuen testified that the search at issue was neither initiated nor directed by AUSA Smoot. Rather, after being advised by a member of the Joint Terrorism Task Force ("JTTF") that the Defendant and another alleged "bomber" (Wayde Kurt) were in contact with each other, FBI SABT McEuen consulted with the Spokane County Jail and the U.S. Marshal Service to coordinate two separate jail searches relevant to the information FBI SABT McEuen had received. According to the testimony, there is no evidence that the jail searches were conducted to obtain evidence for a superseding indictment. In fact, according to FBI SABT McEuen's testimony, AUSA Smoot was not even contacted about the two jail searches until after the searches had been arranged and

ORDER - 4

coordinated through the Spokane County Sheriff's Office and the U.S. Marshal Service.

Notably, as the Government asserts, Defendant has no expectation of privacy in his jail cell and thus the seized materials are not subject to Fourth Amendment-based suppression. See *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

The Court finds that Defendant cannot show that a legitimate expectation of privacy has been violated. The totality of the circumstances and legitimate concerns for safety and investigation of possible in house criminal activity justified the searches. This Court finds that none of the material seized from the Defendant's cell standing alone could readily be discerned as covered by attorney client or work product privilege, with the possible exception of a handwritten page that could be deemed Work Product after hearing testimony from defense counsel that he told Defendant to maintain a journal or diary to record his thoughts[2]. As an appropriate remedy for what may have amounted to an inadvertent violation of the privileges asserted by Defendant for this handwritten document, Defendant may object to any information gleaned from the document if mentioned or used in the presentence report, and ask that it be stricken from the report.

---

[2]Other materials found in the 5 pages at issue by themselves (without the assistance of explanatory testimony) are too general in nature to suggest that the attorney client privilege was violated.

ORDER - 5

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for 6th Amendment Rights and Privileges, **ECF No. 380**, is **DENIED**. The charges against Defendant will not be dismissed nor will all parties participating in this matter, including this Court, the U.S. Attorney's Office, the U.S. Probation Office and the Court, be recused from this case.

2. Defendant's Motion to Suppress, **ECF No. 381**, is **DENIED**. Defendant may raise objections to any information in the presentence report by having counsel communicate in writing to the probation office any objections he may have as to factual errors, omissions, and privileged information that should be stricken from such report due to claimed violations of the attorney client privilege. If desired, counsel for the defense may file his objections to the presentence report dealing with matters raised in this order under seal to be reviewed only by AUSA Hicks, U.S. Probation and the undersigned judicial officer.

3. The Sentencing Hearing on **June 6, 2013** at **9:00 a.m. in Spokane, Washington REMAINS SET**. Defendant's sentencing memoranda, including any and all objections to the presentence report, must be filed and served **NO LATER THAN May 23, 2013.** The Government's response, if any, shall be filed and served on or before **May 30, 2013.**

4. On or before **June 3, 2013**, the probation officer shall submit the presentence report to the sentencing judge.

**IT IS SO ORDERED.** The District Court Executive is directed to enter

ORDER - 6

Case 2:11-cr-00075-LRS    Document 400    Filed 05/17/13

this order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this   17th   day of May, 2013.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER - 7