EXHIBIT D

Case 2:11-cv-00075-LPS ECF No. 401-4 Filed 05/29/13 PageID 5525 Page 2 of 7
Case 3:06-cv-00715-JGC Doc #: 984-3 Filed 10/05/09 Page Page ID #: 9599
Case 1:04-cr-10097-JDT    Document 110 (Court only)    Filed 12/08/2006    Page 1 of 65

```
 1                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
 2                         EASTERN DIVISION

 3

 4   UNITED STATES OF AMERICA       .

 5   VERSUS                         .    NO. 1:04CR10097-001-T
                                    .    JACKSON, TENNESSEE
 6   DEMETRIUS "VAN" CROCKER        .         8:30 A.M.

 7   . . . . . . . . . . . . . . . .

 8

 9

10                        SENTENCING HEARING
11                        NOVEMBER 28, 2006

12
                  BEFORE THE HONORABLE JAMES D. TODD,
13                     U. S. DISTRICT COURT JUDGE

14
                            APPEARANCES
15

16   FOR THE UNITED STATES:        MR. FREDERICK H. GODWIN
                                    ASSISTANT U. S. ATTORNEY
17                                  800 FEDERAL BUILDING
                                    167 NORTH MAIN STREET
18                                  MEMPHIS, TENNESSEE 38103

19
     FOR THE DEFENDANT:            MR. RANDOLPH W. ALDEN
20                                  ASSISTANT FEDERAL DEFENDER
                                    SUITE 200
21                                  200 JEFFERSON AVENUE
                                    MEMPHIS, TENNESSEE 38103

22

23   COURT REPORTER:              CHRISTINE MARTIN, OCR, RPR
                                   450 U. S. COURTHOUSE
24                                 111 SOUTH HIGHLAND AVENUE
                                   JACKSON, TENNESSEE 38301
25                                 (731) 421-9237
```

297

EXHIBIT

tabbies

C

Case 2:13-cv-00075-LRS-ECF No. 401-4 filed 05/29/13 PageID.5526 Page 3 of 7
Case 1:06-cv-00715-JGC Doc #: 984-3 Filed: 05/03/10 Page 3 of 7. PageID #: 18589
Case 1:04-cr-10097-JDT   Document #10 (Court only)   Filed 12/08/2006   Page 26 of 65
NO. 1:04CR10097-001-T

1     **THE COURT:**  Mr. Godwin, let's talk a minute

2  about that double-counting argument by Mr. Alden.

3     2M6.1(a)(1) provides a base level of 42 if the

4  offense was committed with intent to injure the United

5  States.

6     Then guideline 3A1.4(a) says that if the

7  offense is a felony that involved or was intended to

8  promote a federal crime of terrorism, you increase by

9  twelve levels.

10     Mr. Alden points out that he thinks that's a

11  double-counting.  How could you ever have a 2M6.1 offense

12  committed with intent to injure the United States that

13  would not also have a 3A1.4 twelve-level enhancement for a

14  crime intended to promote federal terrorism?  I can't think

15  of one -- I can't think of a crime where if you had one,

16  you wouldn't have the other.

17     **MR. GODWIN:**  I can, Your Honor, and my argument

18  would be, number one, if you had someone like the

19  Unabomber, who wasn't particularly political, he could have

20  sent -- well, I don't want to use somebody who's in -- But

21  you could have a person who would -- who could be targeting

22  a federal building but not be doing it to retaliate or

23  intimidate the government of the United States.  In other

24  words, you could choose to blow up a -- I don't want to --

25  Because we're thinking of courthouses and things like that

Case 2:11-cv-00075-LPS-CJB Doc. #: 481-4 Filed 05/29/13 Page 552 Page 50 of 7
Case 3:06-cv-00075-LPS-CJB Doc. #: 484-4 Filed 05/23/09 3 of Page ID #: 9560 0
Case 1:04-cr-10097-JDT    Document 110 (Court only)    Filed 12/08/2006    Page 37 of 65

NO. 1:04CR10097-001-T

```
 1    this level 20 applies.
 2              And even if the court then determines that the
 3    federal terrorism enhancement should apply, then we would
 4    have a level 32, category VI, which is a completely
 5    different thing than a level 42, category VI.
 6              And so I think that we have to give meaning to
 7    this.  The disjunctive is pretty clear on it.  And I think
 8    that that's the basis of my response, Your Honor.
 9              THE COURT:  All right, gentlemen, the most
10    important substantive issue, as a threshold matter, is
11    whether 2M6.1(a)(1) applies or whether 2M6.1(a)(4) applies.
12    (a)(1) says the base offense level is 42 if the offense was
13    committed with intent to injure the United States.  (a)(4)
14    says it's a base level 20 if the defendant is convicted
15    under the code section, the offense involved a threat to
16    use a nuclear weapon, nuclear material or a nuclear
17    byproduct material, a chemical weapon, a biological agent,
18    toxin, or delivery system, or a weapon of mass destruction
19    but did not involve any conduct evidencing an intent or an
20    ability to carry out the threat.
21              However, guideline 2M6.1 also applies to
22    attempts.  So I guess we have to re-read section (a)(4) to
23    provide that it's a base level 20 if the defendant is
24    convicted under the section but did not -- but did not
25    attempt any conduct evidencing an intent or ability to
```

Case 2:11-cv-00075-LRS-ECF No. 481-4 filed 05/03/13 PageID.5528 Page 5 of 7
Case 1:06-cv-00071-JDT-EGB Doc # 84-3 Filed 05/05/09 Page 1 Page ID # 99600

Case 1:04-cr-10097-JDT    Document 110 (Court only)   Filed 12/08/2006    Page 38 of 65

NO. 1:04CR10097-001-T

 1    carry out the threat.

 2            It seems to me in this case the evidence is

 3    clear that Mr. Crocker did have an intent.  It's based upon

 4    his specific statements about what he wanted to do with

 5    this material.  So he clearly had the intent.

 6            Then I have to look at did he have the ability

 7    to carry out the threat.  And the answer is that he did

 8    have some conduct which evidenced an ability to carry out

 9    the threat.  He attempted to get this sarin and actually

10    did get the C-4.  So in dealing with an attempt, an effort

11    to acquire the materials, it seems to me -- or acquiring

12    the materials is an ability to carry out the threat.  I

13    mean to take that explosive or that sarin and take it to

14    the nearest federal courthouse, which, coincidentally, is

15    this one, would not involve rocket science.  It would be a

16    very easy matter to do.

17            So it's my judgment that there was conduct

18    which evidenced an intent and an ability to carry out the

19    threat in this case.  So it's my judgment that 2M6.1(a)(1)

20    applies because this offense was committed with intent to

21    injure the United States.  It, therefore, has a base level

22    of 42.

23            Turning now to the second objection, and that

24    is, does guideline 3A1.4 apply dealing with terrorism, Mr.

25    Alden takes the position that this twelve-level enhancement

Case 2:13-cr-00075-LPS-CJB  Doc. No. 481-4  Filed 05/29/19  Page 6 of 7
Case 1:06-cr-00075-JGC  Doc. No. 484-1  Filed 05/03/09  Page 6 of 7  PageID #: 5529
Case 1:04-cr-10097-JDT    Document 110 (Court only)  Filed 12/08/2006    Page 39 of 65

NO. 1:04CR10097-001-T

```
1   is, in effect, double-counting, and I agree.  It seems to
2   me there may be some odd case where you could think of
3   where you could have a 2M6.1(a)(1) without 3A1.4, but it's
4   not this case.  It seems to me in this case, this offense
5   was committed with intent to injure the United States.
6   It's a base level 42.  It seems double-counting to then add
7   twelve more levels because this felony was intended to
8   promote a federal crime of terrorism.
9            And a federal crime of terrorism is described
10  in 18 U.S.C. 2332g, which I read earlier.  But the federal
11  crime of terrorism means an offense that is calculated to
12  influence or affect the conduct of government by
13  intimidation or coercion or to retaliate against government
14  conduct.  It seems to me that that is substantially what
15  2M6.1 is, an offense to injure the United States.  So I
16  think it's a double-counting.
17           And, Mr. Alden, I'm going to sustain your
18  objection to the twelve-level enhancement.
19           So let's modify the presentence report and
20  change it from a level 54 to a level 42.  And since there
21  are no adjustments, the adjusted base offense level comes
22  out at a 42 rather than a 54.
23           That has another effect, and that is it takes
24  away the automatic criminal history category of VI, and so
25  that puts Mr. Crocker back at a level 42 and a criminal
```

Case 2:13-cv-00075-LRS-EFS ECF No. 491-4 filed 05/28/19 PageID.5530 Page 7 of 7
Case 1:06-cr-00075-JDB Doc. No. 484-4 Filed 05/05/09 Page 7 of 7 PageID #: 9560
Case 1:04-cr-10097-JDT    Document 110 (Court only)  Filed 12/08/2006    Page 40 of 65
NO. 1:04CR10097-001-T

```
 1    history of I (one).  The suggested sentencing range for 42
 2    and a I (one) from the guidelines is 360 to life.  So we
 3    are dealing with a suggested guideline range now of 360 to
 4    life rather than the restricted guideline range of life
 5    itself.  That may be a distinction without much of a
 6    difference, but it is some difference.
 7            Mr. Alden, if you want to make an argument now
 8    about where the sentence should fall either within or
 9    without the guideline range, I'll hear from you now.
10        MR. ALDEN:  Thank you, Your Honor.  Your Honor,
11    as the court knows, now that we've calculated the
12    guidelines, there was at least one Sixth Circuit case which
13    suggested that I had to yet again object to that, so I'll
14    just note my objection for the record.
15            THE COURT:  Yes, sir.
16        MR. ALDEN:  And we now have to turn to the
17    3553(a) factors.  As Your Honor's aware, there are a number
18    of factors under 3553(a), and I'd like to just discuss a
19    few of those and how I believe they should influence the
20    court's sentence in this matter.
21            We've already been over the nature and
22    circumstances of the offense yet again today, Your Honor,
23    and it's clear that this is a very, very serious crime.  No
24    one can make light of it.  In fact, it's probably one of
25    the most serious crimes in the United States, especially in
```