FILED

SEP 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JOSEPH JEFFEREY BRICE, aka Joseph Jeffrey Brice, <br><br> Defendant - Appellant. | No. 13-30166 <br><br> D.C. No. 2:11-cr-00075-LRS-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 28, 2014
Seattle, Washington

Before: HAWKINS, GRABER, and GOULD, Circuit Judges.

Defendant Joseph Brice ("Brice") pled guilty to manufacturing an unregistered firearm, in violation of 26 U.S.C. § 5861(f), and attempting to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a). He appeals (1) the denial of his Fourth Amendment motion to suppress evidence seized from his jail cell and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(2) the denial of his motion to dismiss the indictment, suppress evidence, recuse the judge, and/or remove the U.S. Attorneys' Office and Probation Office from the case for an alleged violation of his Sixth Amendment rights. We affirm.

The district court did not err by denying Brice's Fourth Amendment motion to suppress evidence seized from his jail cell. As this circuit and the Supreme Court have held, Brice had no reasonable expectation of privacy in his cell and cannot assert a claim for a warrantless search under the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984) ("[W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *United States v. Hitchcock*, 467 F.2d 1107, 1108 (9th Cir. 1972) (per curiam) ("We do not feel that it is reasonable for a prisoner to consider his cell private. Therefore, the search did not violate the limitations of the Fourth Amendment.").

Nor did the district court abuse its discretion by denying Brice's motion to dismiss the indictment, remove the U.S. Attorney's Office and Probation Office, recuse the judge, and/or suppress all 300+ pages seized from his jail cell because the government had seized five pages of alleged attorney-client privileged material. Of the five claimed privileged papers, the district court concluded that only one page was

potentially protected work product. The court also found that none of the documents was readily apparent as privileged material, nor did the documents reveal any critical defense strategy, nor were they particularly relevant or useful for sentencing purposes. Under these circumstances—the inadvertent seizure of a few pages during an otherwise legal search—the drastic sanctions sought by Brice were not warranted. *Cf. United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993) (dismissal of indictment may be a remedy for outrageous government conduct).

    **AFFIRMED.**